# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| CARRIE GREGORY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, CITY OF GREAT FALLS, PROBATION OFFICER TOMEKA WILLIAMS, REGION 3 DEPUTY CHIEF WAYNE BYE, GREAT FALLS POLICE OFFICER SCOTT FISHER, DOES 1-10,<br><br>　　　　　　Defendants. | CV-20-51-GF-BMM<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT RE: OFFICER FISHER** |

## INTRODUCTION

Defendants Great Falls Police Officer Scott Fisher ("Officer Fisher") has filed a motion for summary judgment on the basis that he enjoys various statutory and common law immunities from suit. (Docs. 40.) Officer Fisher also seeks summary judgment on the issues of whether particularized suspicion supported the decision to detain Plaintiff Carrie Gregory ("Gregory") and whether probable cause supported Gregory's arrest. Gregory opposes the Motion. The Court held a hearing on the matter on September 27, 2021. For the following reasons, the Court **GRANTS IN PART**, and **DENIES IN PART**, the Motion.

## BACKGROUND

Gregory's claims arise from an altercation in the parking lot of the Montana Probation and Parole Office in Great Falls, Montana on May 15, 2020. (Doc. 16 at ¶ 11.) Officers arrested Daniel Gregory, the adult son of Gregory, in the parking lot on parole violations. (*Id.* at ¶ 12.) Gregory alleges that she suffered a fracture to her left elbow and a sprained wrist from an encounter with Officer Tomeka Williams during her son's arrest. (*Id.* at ¶ 17.) Gregory further alleges that she suffered injuries to her knee when Officer Fisher forced her into an awaiting police car. (*Id.* at ¶ 18.)

Gregory has filed an Amended Complaint in which she alleges various constitutional violations and tort claims against Officer Fisher: violation of civil rights under 42 U.S.C. § 1983 (Count I); violation of rights under the Montana Constitution (Count IV); negligence (Count V); assault and battery (Count VI); and negligent infliction of emotional distress (Count VII). (Doc. 16 at ¶¶ 9, 14, 15, 16, 17).

## LEGAL STANDARD

Summary judgment proves proper if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 317, 323

(1986). The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

The movant satisfies its burden when the documentary evidence produced by the parties permits only one conclusion. *Anderson*, 477 U.S. at 251–52. Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but [. . .] must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## ANALYSIS

I. **Officer Fisher's Motion for Summary Judgment (Doc. 40)**

The Court will address in order the various issues and arguments presented.

**a. Application of the explicit textual source rule to Gregory's claims.**

Officer Fisher contends that the explicit textual source rule prohibits Gregory from "doubling up" her multiple constitutional claims that arise from a single tortious act. (Doc. 41 at 2 (citing *Peschel v. City of Missoula*, 664 F.Supp.2d 1149, 1162 (D. Mont. 2009)).) The explicit textual source rule provides that a court must assess a claim under "an explicit textual source" of the rights in the Constitution,

3

where applicable, and avoid analyzing the claim under a "more generalized" source. *Peschel*, 664 F.Supp.2d at 1162, *citing Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002). The Court in *Peschel* dismissed the plaintiff's generalized claims for cruel and unusual punishment arising from the plaintiff's arrest where the more explicit claim for excessive force applied. *Peschel*, 664 F.Supp.2d at 1162.

Officer Fisher argues that application of the explicit textual source rule would result in the dismissal of Gregory's claims in Count I for violation of due process, cruel and unusual punishment, and violation of equal protection. (Doc. 41 at 5.) The Court agrees. *Peschel* provides a case in point. Police officers from the City of Missoula arrested the plaintiff for misdemeanor obstruction after a stand-off in which the plaintiff attempted to assist a tenant of an apartment that he owned who appeared to be having a psychotic episode. *Peschel*, 664 F.Supp.2d, at 1157-58. The plaintiff refused to comply with the officers' commands to step back. The officers eventually took the plaintiff to the ground when they arrested him after the tenant lost consciousness. *Id.* The plaintiff alleged constitutional claims of cruel and unusual punishment and excessive force. The Court dismissed the plaintiff's claim for cruel and unusual punishment due to the availability for relief under the more explicit textual source related to excessive force. *Id.* at 1162.

This same rationale applies here to Gregory's claims for violation of the more generalized constitutional provisions of violation of due process, cruel and unusual punishment, and violation of equal protection. The Montana Supreme Court has not addressed whether to adopt the explicit textual source rule. The Court in *Howell v. Earl*, No. CV 13-48-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 82450, at *15 (D. Mont. 2014), dismissed the plaintiff's generalized constitutional claims of right to dignity, privacy and due process under the Montana Constitution when more explicit excessive force claim remained available. The Court reasoned that "[b]ecause the Montana Supreme Court looks to federal constitutional jurisprudence in analyzing claims under the Montana Constitution, this Court predicts it would adopt the explicit textual source rule." *Howell*, 2014 U.S. Dist. LEXIS 82450 at *44; *see also Peschel*, 664 F. Supp. 2d at 1161-62. The Court agrees with *Howell* that the Montana Supreme Court likely would adopt the explicit textual source rule. As a result, like in *Peschel* and *Howell*, dismissal of Plaintiff's Montana constitutional claims in Count IV for violations of privacy and due process would be appropriate.

The Court grants summary judgment to Officer Fisher on Gregory's claims in Count I of her Amended Complaint for alleged violation of her violation of right to due process, protection against cruel and unusual punishment, and violation of her right to equal protection of the laws. The Court also grants summary judgment to Officer Fisher on Gregory's claims in Count IV of her Amended Complaint for

alleged violations of the Montana Constitution's right to privacy and right to due process.

### b. Whether statutory immunity protects Officer Fisher from Gregory's claims.

The Court turns next to the question of statutory and common law immunity. Officer Fisher argues that statutory immunity and qualified immunity should afford him summary judgment on all of Gregory's constitutional claims except the excessive force issue. (Doc. 41 at 2.) Officer Fisher also argues that he enjoys immunity from suit on Gregory's negligence claim in Count V and Gregory's claim for negligent infliction of emotional distress in Count VII.

Officer Fisher argues that he acted within the course and scope of his employment at all times alleged in the Amended Complaint. Section 2-9-305, MCA, provides immunity to public officers being "civilly sued for actions taken within the scope of their employment." This immunity also extends to federal claims brought pursuant to § 1983 under Title 42. MCA § 2-9-305(2).

Officer Fisher cites a recent decision of the Court in *Root v. Mont. Dep't of Corr.*, No. CV 18-164-BLG-SPW-TJC (D. Mont. May 23, 2019), to support his claim. The Court noted that the "Montana Supreme Court has confirmed that Mont. Code Ann. § 2-9-305(5), provides immunity from claims against individual employees for actions performed within their scope of their employment "when a suit against the government entity arises out of the same subject matter." (*Id.* at *10

(citing *Griffith v. Butte School Dist. No. 1*, 2010 MT 246, 358 Mont. 193, 244 P.3d 321, 335 (Mont. 2010)).) This immunity appears to apply Gregory's negligence claims against Officer Frank.

Officer Fisher argues that the Montana Supreme extended this statutory immunity to §1983 claims in *Germann v. Stephens*, 137 P.3d 545, 555-56 (Mont. 2006). The Montana Supreme Court in *Germann* recognized that Mont. Code Ann. § 2-9-305(2), affords immunity to public employees acting during the course and scope of their employment when the governmental entity remains a viable defendant for the same course of conduct. *Germann*, 137 P.3d at 555-56. The Montana Supreme Court reached this conclusion in recognizing that §1983 serves to ensure that individuals who have suffered a deprivation of their constitutional or statutory rights "are afforded relief through damages or injunctive relief." *Id.* (quoting *Felder v. Casey*, 487 U.S. 131, 139 (1988)). To grant immunity to the city employee defendants in *Germann* would not have deprived plaintiff of a remedy against the city that employed these defendants. *Germann*, 137 P.3d at 555.

Officer Fisher argues that a similar analysis applies here as his employer, the City, remains liable for any harm that he caused while acting in the course and scope of his employment. The Court agrees that Officer Fisher acted within the scope his employment during the events alleged by Gregory. Fisher was on site to assist in the arrest of Daniel Gregory. (Doc. 44 at 3.) When the altercation with Gregory and

Officer Williams occurred, he assisted Officer Williams in arresting Gregory by taking Gregory's hands and placing them behind her back. *Id.* at 4. Officer Fisher then escorted the handcuffed Gregory to a police cruiser. (Doc. 16 at 4.) Nothing in the record indicates that Officer Fisher exceeded the scope of his employment. Furthermore, Gregory's suit against the City arises "out of the same subject matter" as her suit against Officer Fisher. *Root*, 2019 U.S. Dist. LEXIS at *10 (citing *Griffith*, 244 P.3d at 335).

Similar to *Germann*, Gregory would not be deprived of a remedy against the City if the Court were to grant summary judgment in favor of Officer Fisher on her claims for negligence in Count V and negligent infliction of emotional distress in Count VII. The City remains a viable defendant that can afford Gregory relief for the same course of conduct against Officer Fisher. As explained in *Germann*, Officer Fisher's immunity for acting within the scope of his employment also extends to §1983 claims because the City remains a viable defendant. 137 P.3d at 555-56.

### c. Gregory retains her claim for excessive force and assault and battery against Officer Fisher

Officer Fisher contends that Gregory's Amended Complaint alleges, in effect, three remaining discrete constitutional issues: 1) whether particularized suspicion existed to detain Gregory; 2) whether Officer Fisher used excessive force in arresting Gregory; and 3) whether probable cause existed to arrest Gregory. (Doc. 41 at 4-5.) Officer Fisher concedes that he would not be entitled summary judgment on

Gregory's claim for excessive force as alleged in Count I of the Amended Complaint. (*Id.* at 9-10.)

Subsection (6)(a) of Mont. Code Ann. § 2-9-305 provides no statutory immunity for conduct that would constitute "oppression, fraud, or malice." Gregory asserts a claim for punitive damages in her Amended Complaint. (Doc. 16 at 17-18.) Gregory alleges specifically that Officer Fisher's conduct was "malicious, wanton, and oppressive." (*Id.* at 18.) The alleged malice associated with Officer Fisher's conduct would apply to Gregory's claim for excessive force in Count I of her Amended Complaint. (*Id.* at 9-10.)

In fact, the Court already has granted to summary judgment to Gregory on her claim for excessive force used by Officer Fisher in effectuating her arrest. (Doc. 84 at 12.) The Court issued this ruling as part of its decision to sanction the State of Montana for its spoliation of the video of the incident with Gregory. *Id.* Similar reasoning would apply to Gregory's claim of assault and battery by Officer Fisher. The City of Great Falls would be obligated to indemnify Officer Fisher for any award arising from conduct in the course and scope of his employment that did not involve malicious actions. Mont. Code Ann. § 2-9-305(4).

### d. Claims arising from the detention and arrest of Gregory.

Finally, the Court addresses the remaining constitutional claims of whether particularized suspicion existed to detain Gregory and whether probable cause

9

existed to arrest Gregory. Officer Fisher cites to *Stearns v. Clarkson*, 615 F.3d 1278 (10th Cir. 2010), to support his claim that he reasonably relied upon Officer Williams's determination that particularized suspicion existed to detain Gregory and that probable existed to support Gregory's arrest. (Doc. 41 at 9.)

A deputy in *Stearns* asserted a claim of qualified immunity when he relied upon his police department's probable cause determination in assisting in an arrest at the police department's request. The Tenth Circuit reasoned that when one officer requests that another officer assist in executing an arrest, "the assisting officer is not required to second-guess the requesting officer's probable cause determination, nor is he required to independently determine that probable cause exists." *Stearns*, 615 F.3d at 1286 (citing *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1260 (10th Cir.1998) ("An officer who is called to the scene to conduct a search incident to arrest is not required to reevaluate the arresting officer's probable cause determination in order to protect herself from personal liability.")).

It remains unclear the role that Officer Fisher played in detaining Gregory initially and in effectuating Gregory's arrest. Gregory alleges in her Amended Complaint that Officer Fisher "intervened to assist in [Gregory's] detention." (Doc. 16 at 5.) This allegation supports the position that Gregory played a role in Gregory's initial detention. Gregory further alleges that Officer Fisher "walked" Gregory to a

police car and "performed an aggressive maneuver which spun [Gregory] around, thereby injuring [Gregory's] knee." (Doc. 16 at ¶ 18.)

These allegations suggest that the rationale of *Stearns* may apply to Officer Fisher's conduct regarding the decision to detain Gregory. These allegations also suggest, however, that the rationale of *Stearns* would not apply to Officer Fisher's conduct after Gregory's initial detention. No decisions or determinations made by Officer Williams in arresting Gregory related to Officer Fisher's alleged actions while walking the handcuffed Gregory to his police car. These questions remain for the jury to decide as the finder of fact. The Court denies Officer Fisher's motion for summary judgment regarding whether particularized suspicion existed to detain Gregory and whether probable cause existed to support Gregory's arrest.

## ORDER

Accordingly, **IT IS ORDERED** that Officer Fisher's Motion for Summary Judgment (Doc. 40.) is **GRANTED, IN PART** and **DENIED, IN PART**.

Specifically, Officer Fisher's Motion for Summary Judgement is **GRANTED** for the following claims and issues:

- Claims in Count I the Amended Complaint for alleged violation of Gregory's right to due process, protection against cruel and unusual punishment, and violation of Gregory's right to equal protection of the laws;

- Claims in Count IV of the Amended Complaint for alleged violations of the Montana Constitution's right to privacy and right to due process;

- Claim for negligence in Count V; and

- Claim for negligent infliction of emotional distress in Count VII.

Officer Fisher's Motion for Summary Judgment is **DENIED** for the following issues and claims:

- Claim for excessive force used in the arrest in Count I;

- Claim for assault and battery in Count VI; and

- The issues of whether particularized suspicion supported Gregory's detention and whether probable cause supported Gregory's arrest. The jury will decide these questions.

Dated the 4th day of February, 2022.

_____
Brian Morris, Chief District Judge
United States District Court