IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CARRIE GREGORY,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, CITY OF GREAT FALLS, PROBATION OFFICER TOMEKA WILLIAMS, REGION 3 DEPUTY CHIEF WAYNE BYE, GREAT FALLS POLICE OFFICER SCOTT FISHER, DOES 1-10,<br><br>              Defendants. | CV-20-51-GF-BMM<br><br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT RE: OFFICER WILLIAMS AND DEPUTY CHIEF BYE |

## INTRODUCTION

Defendants Great Falls Probation Officer Tomeka Williams ("Officer Williams") and Probations and Parole Officer Deputy Chief Wayne Bye ("Deputy Cheif Bye") have filed a motion for summary judgment. (Docs. 45). Plaintiff Carrie Gregory ("Gregory") opposes the Motion. The Court held a hearing on the matter on September 27, 2021. For the following reasons, the Court **GRANTS IN PART**, and **DENIES IN PART**, the Motion.

## BACKGROUND

Gregory's claims arise from an altercation in the parking lot of the Montana Probation and Parole Office in Great Falls, Montana on May 15, 2020. (Doc. 16 at ¶ 11.) Officers arrested Daniel Gregory, adult son of Gregory, in the parking lot on parole violations. (*Id.* at ¶ 12.) Gregory alleges that she suffered a fracture to her left elbow and a sprained wrist from an encounter with Officer Tomeka Williams during her son's arrest. (*Id.* at ¶ 17.) Gregory further alleges that she suffered injuries to her knee when Officer Fisher forced her into an awaiting police car. (*Id.* at ¶ 18.) Plaintiffs allege Deputy Chief Wayne Bye knew that Plaintiff was charged for conduct allegedly occurring in the parking lot that day and failed to retain the video of these encounters despite requests to do so. (*Id.* at ¶¶ 21-25.)

Gregory has filed an Amended Complaint in which she alleges various constitutional violations and two tort claims against all Defendants, and an assault and battery claim against Officer Williams and Officer Fisher. (Doc. 16.) The Court dismissed Count II and Count III of the Amended Complaint against the State on the grounds that the State does not qualify as a "person" for purposes of an action under 42 U.S.C. § 1983. (Doc. 21.)

## LEGAL STANDARD

Summary judgment proves proper if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 317, 323 (1986). The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

The movant satisfies its burden when the documentary evidence produced by the parties permits only one conclusion. *Anderson*, 477 U.S. at 251–52. Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but [. . .] must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## ANALYSIS

### I. Officer Williams and Deputy Chief Bye's Motion for Summary Judgment (Doc. 45)

Gregory alleges five counts against Officer Williams: violation of civil rights under 42 U.S.C. § 1983 (Count I); violation of rights under the Montana Constitution (Count IV); negligence (Count V); assault and battery (Count VI); and negligent infliction of emotional distress (Count VII). (Doc. 16 at ¶¶ 9, 14, 15, 16, 17). Gregory

alleges the same claims against Chief Deputy Bye with the exception assault and battery (Count VI). Officer Williams and Chief Deputy Bye argue that statutory immunity should afford them summary judgment. (Doc. 46 at 2.)

### a. Deputy Chief Bye is entitled to summary judgment on Count I.

Gregory clarified in her statement of disputed and supported facts that she does not assert a claim against Deputy Chief Bye in Count I of her Amended Complaint. (Doc. 61 at 11.) The Court will grant summary judgment for Deputy Chief Bye on Count I.

### b. Application of the explicit textual source rule limits Gregory's Count I claims against Officer Williams and requires dismissal of Count IV against Officer Williams and Deputy Chief Bye.

Officer Williams contends that the explicit textual source rule prohibits Gregory from "doubling up" her multiple constitutional claims that arise from a single tortious act. (*See* Doc. 40 at 2 (citing *Peschel v. City of Missoula*, 664 F.Supp.2d 1149, 1162 (D. Mont. 2009)).) The explicit textual source rule provides that a court must assess a claim under "an explicit textual source" of the rights in the Constitution, where applicable, and avoid analyzing the claim under a "more generalized" source. *Peschel*, 664 F.Supp.2d at 1162 (citing Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002)). The Court in *Peschel* dismissed the plaintiff's generalized claims for cruel and unusual punishment arising from the

4

plaintiff's arrest where the more explicit claim for excessive force applied. *Id.* at 1162.

Officer Williams argues that application of the explicit textual source rule would result in the dismissal of Gregory's claims in Count I for violation of due process, cruel and unusual punishment, and violation of equal protection. (Doc. 46 at 1.) The Court agrees. *Peschel* provides a case in point. Police officers from the City of Missoula arrested the plaintiff for misdemeanor obstruction after a stand-off in which the plaintiff attempted to assist a tenant of an apartment that he owned who appeared to be having a psychotic episode. *Peschel*, 664 F.Supp.2d, at 1157-58. The plaintiff refused to comply with the officers' commands to step back. The officers eventually took the plaintiff to the ground when they arrested him after the tenant lost consciousness. *Id.* The plaintiff alleged constitutional claims of cruel and unusual punishment and excessive force. The Court dismissed the plaintiff's claim for cruel and unusual punishment due to the availability for relief under the more explicit textual source related to excessive force. *Id.* at 1162.

This same rationale applies here to Gregory's claims for violation of the more generalized constitutional provisions of violation of due process, cruel and unusual punishment, and violation of equal protection. The Montana Supreme Court has not addressed whether to adopt the explicit textual source rule. The Court in *Howell v. Earl*, No. CV 13-48-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 82450, at *15 (D.

Mont. 2014), dismissed the plaintiff's generalized constitutional claims of right to dignity, privacy, and due process under the Montana Constitution when more explicit excessive force claim remained available. The Court reasoned that "[b]ecause the Montana Supreme Court looks to federal constitutional jurisprudence in analyzing claims under the Montana Constitution, this Court predicts it would adopt the explicit textual source rule." *Howell*, 2014 U.S. Dist. LEXIS 82450 at *44; *see also Peschel*, 664 F. Supp. 2d at 1161-62. The Court agrees with *Howell* that the Montana Supreme Court likely would adopt the explicit textual source rule. As a result, like in *Peschel* and *Howell*, dismissal of Plaintiff's Montana constitutional claims in Count IV for violations of privacy and due process would be appropriate.

The Court grants summary judgment to Officer Williams on Gregory's claims in Count I of her Amended Complaint for alleged violation of her violation of right to due process, protection against cruel and unusual punishment, and violation of her right to equal protection of the laws. The Court also grants summary judgment to Officer Williams and Deputy Chief Bye on Gregory's claims in Count IV of her Amended Complaint for alleged violations of the Montana Constitution's right to privacy and right to due process.

    c. **Officer Williams and Deputy Chief Bye are entitled to immunity under state law for Counts V and VII.**

Officer Williams and Deputy Chief Bye argue that they acted within the course and scope of their employment at all times alleged in the Amended

Complaint. Section 2-9-305, MCA provides immunity to public officers being "civilly sued for actions taken within the scope of their employment." This immunity also extends to federal claims brought pursuant to Section 1983 under Title 42. Mon Code Ann. § 2-9-305(2).

Officer Williams and Deputy Chief Bye cite a recent decision of the Court in *Root v. Mont. Dep't of Corr.*, No. CV 18-164-BLG-SPW-TJC (D. Mont. May 23, 2019), 2019 U.S. Dist. LEXIS 101809, to support this argument. The Court noted that the "Montana Supreme Court has confirmed that Mont. Code Ann. § 2-9-305(5) provides immunity from claims against individual employees for actions performed within their scope of their employment when a suit against the government entity arises out of the same subject matter." *Id.* at *10 (citing *Griffith v. Butte School Dist. No. 1*, 2010 MT 246, 358 Mont. 193, 244 P.3d 321, 335 (Mont. 2010)).

The Montana Supreme extended this statutory immunity to § 1983 claims in *Germann v. Stephens*, 137 P.3d 545, 555-56 (Mont. 2006). The Montana Supreme Court in *Germann* recognized that Mont. Code Ann. § 2-9-305(2), affords immunity to public employees acting during the course and scope of their employment as long as the governmental entity *remains a viable defendant* for the same course of conduct. *Germann*, 137 P.3d at 555-56. Officer Williams and Deputy Chief Bye correctly note that they cannot seek the benefits of Montana's statutory immunity with regard to the Plaintiff's § 1983 claims. The Court previously dismissed the

Section 1983 claims against the State of Montana. (Doc. 21.) Gregory would be without a remedy if Officer Williams and Deputy Chief Bye were immune from Section 1983 liability.

Officer Williams and Deputy Chief Bye argue that the analysis applies to all other claims, however, as their employer, the State of Montana, remains liable for any harm that they caused while acting in the course and scope of their employment. The Court agrees that Officer Williams and Deputy Chief Bye acted within the scope their employment during the course of events alleged by Gregory. Officer Williams was on site to assist in the arrest of Daniel Gregory. (Doc. 44 at ¶¶ 10-12). The altercation with Gregory and Officer Williams occurred when Officer Williams reacted to Gregory's presence close to where Danial Gregory was being arrested. (*Id.* at ¶ 11.) Deputy Chief Bye was in control of the video surveillance at the time of and following the altercation. (Doc. 16 at ¶¶ 21-25.). Nothing in the record indicates that Officer Williams and Deputy Chief Bye exceeded the scope of their employment. Furthermore, Gregory's suit against the State of Montana arises "out of the same subject matter" as her suit against Officer Williams and Deputy Chief Bye. *Root*, 2019 U.S. Dist. LEXIS at *10 (citing *Griffith*, 244 P.3d at 335).

Similar to *Germann*, Gregory would not be deprived of a remedy against the State of Montana if the Court were to grant summary judgment in favor of Officer Williams and Deputy Chief Bye on Gregory's claims for negligence in Count V and

negligent infliction of emotional distress in Count VII. The State of Montana remains a viable defendant that can afford Gregory relief for the same course of conduct against Officer Williams and Deputy Chief Bye.

### d. Gregory retains her claim for assault and battery against Officer Williams

Officer Williams contends that she would also be entitled summary judgment on Gregory's claim for assault and battery as alleged in Count VI of the Amended Complaint. (Doc. 46 at 4-5.) The Court disagrees for the following reasons:

Subsection (6)(a) of Mont. Code Ann. § 2-9-305 provides no statutory immunity for conduct that would constitute "oppression, fraud, or malice." Gregory asserts a claim for punitive damages in her Amended Complaint. (Doc. 16 at 17-18.) Gregory alleges specifically that Officer Williams's conduct was "malicious, wanton, and oppressive." (*Id.* at ¶ 64.)

In fact, the Court already has granted to summary judgment to Gregory on her claim for excessive force used by Officer Williams in effectuating her arrest. (Doc. 84 at 12.) The Court issued this ruling as part of its decision to sanction the State of Montana for its spoliation of the video of the incident with Gregory. (*Id.*) Similar reasoning would apply to Gregory's claim of assault and battery by Officer Williams. The State of Montana remains obligated to indemnify Officer Williams only for any award arising from conduct in the course and scope of his employment that did not involve malicious actions. Mont. Code Ann. § 2-9-305(4).

## ORDER

Accordingly, **IT IS ORDERED** that Deputy Chief Bye and Officer Williams's Motion for Summary Judgment (Doc. 45) is **GRANTED, IN PART** and **DENIED, IN PART**.

Specifically, Deputy Chief Bye's Motion for Summary Judgement is **GRANTED**.

Officer Williams Motion for Summary Judgment is **GRANTED** for the following claims and issues:

- Claims in Count I the Amended Complaint for alleged violation of Gregory's right to due process, protection against cruel and unusual punishment, and violation of Gregory's right to equal protection of the laws;

- Claims in Count IV of the Amended Complaint for alleged violations of the Montana Constitution's right to privacy and right to due process;

- Claim for negligence in Count V; and

- Claim for negligent infliction of emotional distress in Count VII.

Officer Williams's Motion for Summary Judgment is **DENIED** for the claim for assault and battery in Count VI. The issues of whether particularized suspicion supported Gregory's detention and whether probable cause supported Gregory's arrest. The jury will decide these questions.

Dated this 4th day of February, 2022.

_____

Brian Morris, Chief District Judge
United States District Court

11