IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CARRIE GREGORY,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, CITY OF GREAT FALLS, PROBATION OFFICER TOMEKA WILLIAMS, REGION 3 DEPUTY CHIEF WAYNE BYE, GREAT FALLS POLICE OFFICER SCOTT FISHER, DOES 1-10,<br><br>    Defendants. | CV-20-51-GF-BMM<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT RE: STATE OF MONTANA** |

**INTRODUCTION**

Defendant State of Montana ("the State") has filed a motion for summary judgment. (Doc. 45). Plaintiff Carrie Gregory ("Gregory") opposes the Motion. The Court held a hearing on the matter on September 27, 2021. For the following reasons, the Court **GRANTS IN PART**, and **DENIES IN PART**, the Motion.

**BACKGROUND**

Gregory's claims arise from an altercation in the parking lot of the Montana Probation and Parole Office in Great Falls, Montana on May 15, 2020. (Doc. 16 at 11.) Officers arrested Daniel Gregory in the parking lot on parole violations. *Id.,* at

12. Gregory alleges that she suffered a fracture to her left elbow and a sprained wrist from an encounter with Officer Tomeka Williams during her son's arrest. (Doc. 16 at 17.) Gregory further alleges that she suffered injuries to her knee when Officer Fisher forced her into an awaiting police car. *Id.,* at 18. Plaintiffs allege Deputy Chief Wayne Bye knew that Plaintiff was charged for conduct allegedly occurring in the parking lot that day and failed to retain the video of these encounters despite requests to do so. (*Id.* at ¶¶ 21-25.)

Gregory has filed an Amended Complaint in which she alleges various constitutional violations and two tort claims against all Defendants, and an assault and battery claim against Officer Williams and Officer Fisher. (Doc. 29.) The Court dismissed Count II and Count III of the Amended Complaint against the State on the grounds that the State does not qualify as a "person" for purposes of an action under 42 U.S.C. § 1983. (Doc. 21.)

**LEGAL STANDARD**

Summary judgment proves proper if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 317, 323 (1986). The movant bears the initial burden of informing the court of the basis for

its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

The movant satisfies its burden when the documentary evidence produced by the parties permits only one conclusion. *Anderson*, 477 U.S. at 251–52. Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but [. . .] must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## ANALYSIS

After the Court dismissed the State from Counts II and III for 42 U.S.C. § 1983 claims, only Counts IV, V, and VII remain against the State. (Doc. 21). These Counts include violations of the Montana Constitution, negligence, and negligent infliction of emotional distress. The State has incorporated arguments by reference set forth by co-defendants.

### I.   Count VI – violations of the Montana Constitution

Gregory alleges in Count IV that the State violated her rights under the Montana Constitution and *Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002). These rights include the right to individual privacy, the right to be free from unreasonable

3

searches and seizures, and the right to due process. (Doc. 16 at ¶ 52). The State incorporates by reference arguments brought forth by co-defendants. The Court addresses each argument in turn.

### a. Right to recourse under the Montana Constitution

The State argues that there is no right to recourse under the Montana Constitution. (Doc. 46 at 6). As recognized in *Peschel*, the language in Mont. Const. Art. II, § 16 does not provide an independent cause of action to plaintiffs.

In *Peschel*, the plaintiffs used Mont. Const. Art. II, § 16 as an independent cause of action when alleging that defendants "violated various of their fundamental and self-executing rights protected under the Montana Constitution." 2008 WL5131369*10. The plaintiffs argued that the language from Mont. Const. Art. II, § 16 gave them "the right to seek recourse against those who violated" their constitutional rights. *Id.* The defendants argued that Mont. Const. Art. II, § 16 did not provide plaintiffs with a cause of action. *Id.* The court agreed. The court noted that provisions under Mont. Const. Art. II, §§ 10, 11, and 17 have been recognized as self-executing rights. *Id.* at 11, *citing Dorwart v. Caraway*, 2002 MT 240, ¶ 44, 312 Mont. 1, ¶ 44, 58 P.3d 128, ¶ 44. The court further noted, however, that Mont. Const. Art. II, § 16 does not provide a self-executing, fundamental right to a particular cause of action, remedy, or redress. *Id.*, *citing Meech v. Hillhaven West, Inc.*, 238 Mont. 21, 30, 776 P.2d 488, 497 (Mont. 1989).

Unlike *Peschel*, Gregory does not solely base her entire Montana Constitutional violation claim on the language in Article II, Section 16 of the Montana Constitution. Notably, Gregory's claims in Count IV for violations of the Montana Constitution specifically name the right to privacy (Article II, Section 10), the right to be free from unreasonable searches and seizures (Article II, Section 11), and the right to due process (Article II, Section 17). (Doc. 16 at ¶ 52). These claims, as noted by the court in *Peschel*, do provide a self-executing, fundamental right to a particular cause of action, remedy, or redress. 2008 WL5131369*11, *citing Meech*, 776 P.2d at 497. Although Gregory's state claims under the Montana Constitution do, in fact, provide a cause of action, they are barred in part by the explicit textual source rule.

**b. Application of the explicit textual source rule**

The State contends that the explicit textual source rule prohibits Gregory from "doubling up" her multiple constitutional claims that arise from a single tortious act. *Id.*, at 2, citing *Peschel v. City of Missoula*, 664 F.Supp.2d 1149, 1162 (D. Mont. 2009). The explicit textual source rule provides that a court must assess a claim under "an explicit textual source" of the rights in the Constitution, where applicable, and avoid analyzing the claim under a "more generalized" source. *Peschel*, 664 F.Supp.2d at 1162, *citing Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002). The Court in *Peschel* dismissed the plaintiff's

generalized claims for cruel and unusual punishment arising from the plaintiff's arrest where the more explicit claim for excessive force applied. *Peschel*, 664 F.Supp.2d at 1162.

The State argues that the explicit textual source rule commands dismissal of Gregory's claims in Count IV for violation of the right to individual privacy and violation of due process. (Doc. 46 at 6). The Court agrees. *Peschel* provides a case on point. Police officers from the City of Missoula arrested the plaintiff for misdemeanor obstruction after a stand-off in which the plaintiff attempted to assist a tenant of an apartment that he owned who appeared to be having a psychotic episode. *Peschel*, 664 F.Supp.2d, at 1157-58. The plaintiff refused to comply with the officers' commands to step back. The officers eventually took the plaintiff to the ground when they arrested him after the tenant lost consciousness. *Id.* The plaintiff alleged state constitutional claims of cruel and unusual punishment and excessive force. The Court dismissed the plaintiff's claim for cruel and unusual punishment due to the availability for relief under the more explicit textual source related to excessive force. *Id.*, at 1162.

This same rationale applies here to Gregory's claims for violations of the right to privacy and right to due process. The Montana Supreme Court has not addressed whether to adopt the explicit textual source rule. The Court in *Howell v. Earl*, No. CV 13-48-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 82450, at *15 (D.

Mont. 2014), dismissed the plaintiff's generalized constitutional claims of right to dignity, privacy and due process under the Montana Constitution when more explicit excessive force claim remained available. The Court reasoned that "[b]ecause the Montana Supreme Court looks to federal constitutional jurisprudence in analyzing claims under the Montana Constitution, this Court predicts it would adopt the explicit textual source rule." *Howell*, 2014 U.S. Dist. LEXIS 82450 at *44; *see also Peschel*, 664 F. Supp. 2d at 1161-62. The Court agrees with *Howell* that the Montana Supreme Court likely would adopt the explicit textual source rule. As a result, like in *Peschel* and *Howell*, dismissal of Plaintiff's Montana constitutional claims in Count IV for violations of privacy and due process would be appropriate. The Court grants summary judgment to the State on Gregory's claims in Count IV of her Amended Complaint for alleged violation of the Montana Constitution's right to privacy and right to due process.

### c. Adequate remedies under existing statutory and common law

The State argues that adequate remedies exist under existing state statutory and common law that preclude the need to assert Montana Constitutional claims. (Doc. 46 at 6). The Court has granted summary judgment to the State on Gregory's claims in Count IV of her Amended Complaint for alleged violation of the Montana Constitution's right to privacy and right to due process, leaving only an alleged excessive force violation. None of the cases cited by the Defendants,

7

holding that an alternative remedy is proper in place of a constitutional remedy, present a factual scenario similar to that of this case. (Doc. 41 at 12-13). Insofar as the events surrounding the arrest of Gregory, an excess force violation under the Montana Constitution remains the proper claim for damages.

## II.  Count V – Negligence

Gregory asserts negligence in Count V against the State. Gregory alleges the following claims in Count V for negligence: negligent use of force; negligent use of excessive force; negligent arrest and seizure; negligent hiring, retention, training, supervision, and discipline of law enforcement officers; negligent violation of constitutional, statutory, and common law rights; and negligent performance of official duties. (Doc. 16 at ¶ 57). Gregory concedes that she will no longer pursue negligent training, negligent supervision, or negligent hiring claims against the State. (Doc. 60 at 32). Accordingly, the Court grants summary judgment in favor the State on those claims.

Further, the State argues that Gregory's negligence claims fail for several reasons. The State contends that Officer Fisher's actions against Gregory in the Amended Complaint were intentional rather than negligent. The State argues next that it owes no duty to Gregory under the public duty doctrine to train or supervise its officers. The State argues, finally, that Gregory fails to provide adequate expert testimony that the State negligently trained or supervised officers. (Doc. 46 at 7-8).

### a. Officer Williams's intentional conduct

The State argues that no cause of action exists for the following claims because they are based on intentional actions: negligent use of force; negligent use of excessive force; negligent arrest and seizure; negligent violation of constitutional, statutory, and common law rights; and negligent performance of official duties. (Doc. 43 at 21). Negligent use of force and negligent use of excessive force, by definition, involve intentional acts, and, therefore, cannot provide the basis for a negligence claim. Negligent arrest and seizure, negligent retention and discipline of law enforcement officers, negligent violation of constitutional, statutory, and common law rights, and negligent performance of official duties can all be construed, however, as legitimate negligence claims that are not based on intentional acts. The Court grants summary judgment to the State on Gregory's claims in Count V of her Amended Complaint for alleged negligent use of force and negligent use of excessive force.

### b. The State's duty under the public duty doctrine

A plaintiff must prove four elements to establish negligence: (1) duty; (2) breach; (3) causation; and (4) damages. *Dobrocke v. City of Columbia Falls*, 8 P.3d 71, 76 (Mont. 2000). Whether a party owed a legal duty to someone and the scope of that duty are questions of law. *Dukes v. City of Missoula*, 119 P.3d 61, 63 (Mont. 2005).

The public duty doctrine holds that a law enforcement officer does not owe a duty to an individual plaintiff when carrying out their general duty to protect and preserve the peace. *Renenger v. State*, 426 P.3d 559, 567 (Mont. 2018). The law enforcement officer owes a duty to the public at large. *Nelson v. Driscoll*, 983 P.2d 972, 977 (Mont. 1999). A general duty to protect does not give rise to liability for a particular individual's injury absent a greater duty imposed by a special relationship. *Phillips v. City of Billings*, 758 P.2d 772, 775 (Mont. 1988). Any alleged act of negligence by a law enforcement officer must be evaluated in light of the officer's job and daily duties. *Renenger*, 426 P.3d at 568.

The State argues that the public duty doctrine precludes claims for negligent retention and discipline of law enforcement officers. (Doc. 70 at 8). Gregory argues that the public duty doctrine does not apply to negligence actions premised upon the existence of a duty other than the duty to protect and preserve the peace. *See Bassett v. Lamantia*, 417 P.3d 299, 307 (Mont. 2018). In *Bassett*, the public duty doctrine did not shield an officer who tackled a civilian because "'[a] duty owed to all is a duty owed to none' does not apply when the alleged duty breached is not owed to 'all,' but rather owed to an individual." *Bassett*, 417 P.3d at 307.

*Bassett* applies to the conduct of Officer Williams during her contact with Gregory. The State's duty to ensure that Officer Williams was a competent officer occurred before Williams came into contact with Gregory. *See Todd v. Baker*, No.

10

CV 10-127-M-DWM, 2012 WL 1999529, at *12 (D. Mont. June 4, 2012) (holding that the public duty doctrine shielded the defendant officer because his actions occurred before he owed a particular duty to the plaintiff). The duty to properly train officers represents a duty that the State owed to the community at large. That duty to Gregory ripened, however, once Officer Williams engaged in Gregory's arrest and removal to a police car. The public duty doctrine does not apply under the circumstances. *Bassett*, 417 P.3d at 307.

### c. Gregory's expert testimony

A qualified expert must be presented and testify to establish a standard of care and a breach of that standard of care when the issues are beyond the common experience of a jury. *E.g.*, *Dayberry v. City of East Helena*, 80 P.3d 1218 (Mont. 2003). Issues surrounding negligent retention and discipline of officers are certainly beyond the common experience of a jury. Gregory has provided an expert report from Edward Obayashi that addresses the City of Great Falls and evidence that it negligently retained, trained, supervised, or disciplined officers. (Doc. 61-7). Nowhere in Obayashi's report, however, does he opine on the *State*'s negligent retention or discipline of officers. Without including an opinion that addresses Gregory's claims against the State, Gregory's negligent retention and discipline of officers claims fail as a matter of law. The Court grants summary judgment to the State on these claims.

### III.    Count VII - Negligent infliction of emotional distress

Gregory asserts negligent infliction of emotional distress in Count VII against the State. Claims for negligent infliction of emotional distress will lie where serious or severe emotional distress was the reasonably foreseeable consequence "of the defendant's negligent act or omission." *Sacco v. High Country Indep. Press, Inc.*, 896 P.2d 411, 425 (1995). The Montana Supreme Court has not addressed the unique position of police officers when claims are made for infliction of emotional distress, but the State argues that the U.S. District Court for the District of Montana has found that probable cause acts as a defense to emotional distress claims stemming from an arrest. (Doc. 43 at 28), *citing Wagemann v. Robinson*, No. CV 13-78-BU-DLC-CSO, 2015 WL 3899226, at *26 (D. Mont., June 16, 2015).

In *Wagemann*, Magistrate Judge Osby determined that "serious or severe emotional distress, in the form of sleep apnea, cannot be considered to be a reasonably foreseeable consequence of arresting and charging someone for aggravated assault *when there exists probable cause for the arrest and charge*." *Id.* (emphasis added). The wording of the holding in *Wagemann* makes it unclear whether a finding of probable cause truly would prohibit infliction of emotional distress claims in all cases stemming from an arrest. Even assuming this interpretation, however, it does not compel summary judgment in this case. It

12

remains for the jury to decide whether probable cause existed for Officer Williams to arrest Gregory.

The State argues, in the alternative, that Gregory's negligent infliction of emotional distress claim fails due to the absence of a key element—"a negligent act or omission." (Doc. 43 at 30). The Court has already determined, however, that several of Gregory's negligence claims survive summary judgment and will depend on the jury's determination of factual issues at trial. For that same reason, the Court denies the State summary judgment on Gregory's negligent infliction of emotional distress claim.

## ORDER

Accordingly, **IT IS ORDERED** that the State of Montana's Motion for Summary Judgment (Doc. 45) is **GRANTED, IN PART** and **DENIED, IN PART**.

Specifically, the State of Montana's Motion for Summary Judgement is **GRANTED** for the following claims and issues:

- Claims in Count IV of the Amended Complaint for alleged violations of the Montana Constitution's right to privacy and right to due process;

- Claims in Count V of the Amended Complaint for negligent use of force and negligent use of excessive force.

- Claims in Count V of the Amended Complaint for negligent hiring, retention, training, supervision, and discipline of law enforcement officers.

13

The State of Montana's Motion for Summary Judgement is **DENIED** for the following claims and issues:

- Claims in Count V of the Amended Complaint for negligent arrest and seizure, negligent violation of constitutional, statutory, and common law rights, and negligent performance of official duties.

- Claims in Count VII of the Amended Complaint for negligent infliction of emotional distress.

Dated this 7th day of February, 2022.

_____
Brian Morris, Chief District Judge
United States District Court