IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CARRIE GREGORY,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF MONTANA, and TOMEKA WILLIAMS,<br><br>        Defendant. | CV-20-51-GF-BMM<br><br>ORDER ON<br>SUMMARY JUDGMENT |

Defendants State of Montana ("Montana") and Officer Tomeka Williams ("Officer Williams") move for summary judgment on Plaintiff Carrie Gregory's ("Gregory") claims of assault and battery against Williams, punitive damages, and negligence against Montana. (Doc. 222.) Gregory opposes the motion. (Doc. 224.) The Court held a hearing on January 15, 2025. (Doc. 226.) The Court grants, in part, and denies, in part, the motion for partial summary judgment.

## BACKGROUND

Gregory's claims arise from an altercation in the parking lot of the Montana Probation and Parole Office in Great Falls, Montana, on May 15, 2020. (Doc. 16 at ¶ 11.) Officers arrested Daniel Gregory, adult son of Gregory, in the parking lot on

1

parole violations. (*Id*. at ¶ 12.) Gregory alleges that she suffered a fracture on her left elbow and a sprained wrist from an encounter with Officer Williams during her son's arrest. (*Id*. at ¶ 17.)

The jury trial commenced on March 21, 2022. (Doc. 133.) The Court imposed sanctions against Williams and Montana under its inherent authority for failing to preserve footage of the original video of the incident. (Doc. 138.) The sanction involved instructing the jury that Williams had used excessive force. (Doc. 145, Instruction No. 8.) The jury returned a verdict awarding damages to Gregory for her claim of excessive force against Officer Williams but rejected Gregory's claim of negligent infliction of emotional distress. (Doc. 144.) The Ninth Circuit reversed the Court's ruling on the sanctions and remanded for new trial on the claim of excessive force. *See Gregory v. Montana*, 118 F.4th 1069 (9th Cir. 2024).

The Court reinstated Montana as a party to the litigation on November 19, 2025, under a claim of negligence. (Doc. 219.) The Court also reinstated the claim of assault and battery against Officer Williams. (*Id*.) Gregory sought sanctions against Montana to remedy the loss of the original video depicting the encounter of Gregory with Officer Williams. (Doc. 211.) The Court granted Gregory's request to present the duplicate video and evidence on the loss of the original video against Montana in the new trial. (Doc. 221.) The Court further allowed Montana to respond with its own evidence regarding the circumstances of the original video and

duplicate video. (*Id.*) Montana and Officer Williams filed a motion for summary judgment on December 23, 2025. (Doc. 222.)

## LEGAL STANDARD

Summary judgment proves appropriate when a movant demonstrates "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Id.* at 255. A genuine dispute of material fact requires sufficient evidence for a reasonable jury to return a verdict for the non-movant. *Id.* at 248.

## DISCUSSION

Williams and Montana seek partial summary judgment on Gregory's claims for assault and battery against Williams, negligence against Montana, and the award of punitive damages. (Doc. 224 at 3–5.) Gregory opposes summary judgment. (Doc. 224.)

### I.  Gregory's Claim of Assault and Battery

Montana law grants immunity to a governmental employee in an action where a "governmental entity acknowledges" that the employee's conduct arose "out of the course and scope of the employee's employment." Mont. Code Ann. § 2-9-305(5).

A governmental employee remains independently liable under § 2-9-305(5) only if "the claim constitutes an exclusion provided in subsections (6)(b) through (6)(d)." *Id*. A court must determine whether one of the following exceptions applies: (1) the employee's conduct "constitutes a criminal offense;" (2) "the employee compromised or settled the claim without the consent of the government entity employer;" or (3) "the employee failed or refused to cooperate reasonably in the defense of the case." § 2-9-305(6)(b)–(d), MCA.

Section 2-9-305(5) of the Montana Code Annotated would provide immunity to Officer Williams. Montana has expressly acknowledged that Officer Williams's conduct arose out of the course and scope of her employment. (Doc. 222 at 3–4.) The requirements for Section 2-9-305(5) are satisfied. The exceptions outlined in subsections (6)(b) through (6)(d) do not apply to Gregory's claims. Gregory remains free, however, to pursue recovery against Montana for any alleged malicious conduct by Officer Williams.

Subsection (6)(a) of Montana Code Annotated § 2-9-305 provides recovery for conduct that would constitute "oppression, fraud, or malice," where a governmental entity acknowledges that an employee acted within the course and scope of her employment. *Estate of Ramirez v. City of Billings*, 2019 WL 366894, at *10 (D. Mont. Jan. 30, 2019). The Montana Supreme Court, in *Gardiner-Park*

4

*Cnty. Water & Sewer Dist. v. Knight*, similarly, concluded that "§ 2-9-305(5), MCA, still leaves the governmental entity financially responsible for any malicious or fraudulent conduct by [an] employee." 549 P.3d 1151, 1157 (Mont. 2024) (citing *Ramirez*, 2019 WL 366894, at *9–10). The Montana Supreme Court further determined that the proper procedure upon a governmental entity's express acknowledgement that an employee's conduct arose from the course and scope of employment would be to dismiss the individual employee as a party to the suit. *Id*. The dismissal functionally would cause a plaintiff's initial "claims of malice and fraud" against the employee to proceed solely against the governmental entity. *Id*.; *see also Peschel v. City of Missoula*, No. CV 08–79–M, 2008 WL 5131369, at *10 (D. Mont. Dec. 5, 2008) (noting that once the government "makes the requisite acknowledgment [under § 2-9-305(5)], the exclusion set forth in subsection (6)(a) is inapplicable").

Montana has acknowledged that Officer Williams acted within the course and scope of her employment when encountering Gregory. Section 2-9-305(5) leaves Montana potentially "on the hook" for Officer Williams's conduct that it acknowledges occurred within the course and scope of her employment, including any malicious conduct. *Ramirez*, 2019 WL 366894, at *9–10; *see also Kornec v. Mike Horse Mining & Milling Co.*, 180 P.2d 252, 256–57 (Mont. 1947) (explaining

5

that malicious and intentional conduct can occur within the course of employment); *Rocky Mtns. Enters., Inc. v. Pierce Flooring*, 951 P.2d 1326, 1341 (Mont. 1997) (explaining that criminal conduct can occur within the course of employment). Even though Williams remains immune, "the governmental entity must pay any judgment for damages to the extent required by the law, even if the employee's conduct constituted oppression, fraud, or malice." *Peschel*, No. CV 08–79–M, 2008 WL 5131369, at *10.

Gregory has alleged that Officer Williams acted with malice during the arrest of her son. (Doc. 16 at ¶ 64.) A reasonable jury could find that Officer Williams acted maliciously and oppressively. Officer Williams remains immune from liability for the claim of assault and battery under § 2-9-305(5), MCA. Gregory's claim for assault and battery may proceed against Montana. *Gardiner-Park Cnty.*, 549 P.3d at 1157.

## II. Gregory's Claim for Punitive Damages

Gregory alleges specifically that Officer Williams's conduct was "malicious, wanton, and oppressive." (*Id*. at ¶ 64.) Montana remains obligated to indemnify Officer Williams for "any judgment for damages to the extent required by the law" upon a jury determination that Officer William's "conduct constituted oppression or malice." *Ramirez*, 2019 WL 366894, at *10 (cleaned up) (quoting *Peschel*, 2008 WL 5131369, at *10). Montana's responsibility would require it to indemnify Officer

6

Williams for damages involving state law claims. Gregory's claim for punitive damages stays on the verdict form. A reasonable jury may award Gregory punitive damages if the jury finds that Officer Williams's conduct was outrageous or constituted reckless indifference to the rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

### III.   Gregory's Claim of Negligence

Montana and Officer Williams point to the holding in *Oliver v. Stimson Lumber Co.*, 993 P.2d 11 (Mont. 1999), as evidence that Montana law does not recognize a claim for "negligent preservation of evidence." (Doc. 222 at 6.) The Court agrees.

*Oliver* declined to adopt the tort of negligent spoliation against first party litigants. 993 P.2d 11, 17 (Mont. 1999). The Montana Supreme Court recognized that "remedies already exist for parties to an action who have suffered a loss as a result of the spoliation of evidence by another party." *Id*. The Montana Supreme Court acknowledged the necessity for third party claims for negligent spoliation of evidence to "serve as a deterrent to any potential spoliator and provide suitable punishment against an actual spoliator as well as fair compensation to the victim of spoliation without creating a windfall." *Id*. at 18.

Gregory's claim of negligence against Montana fails under the reasoning of *Oliver*. Montana stands as a first-party litigant to the suit. The Court previously sanctioned Montana for failing to preserve the original video depicting the encounter between Officer Williams and Gregory. (Doc. 221.) Gregory alleges that Montana negligently performed its statutory and constitutional duty to preserve evidence known to be exculpatory or relevant to foreseeable litigation. (Doc. 224 at 6.) Gregory's claims of negligence fit the very definition of negligent spoliation. The tort of negligent spoliation focuses on a party's duty to preserve evidence when a party knew or reasonably should have known that the evidence was relevant to pending or foreseeable litigation. *Oliver*, 993 P.2d at 20–21. Gregory's negligence claim may not proceed under a theory that Montana failed in its duty to preserve evidence. *Id*. at 17.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Montana's and Officer Williams's Motion for Partial Summary Judgment (Doc. 222) is **GRANTED**, in part, and **DENIED**, in part:

- Officer Williams is entitled to summary judgement on the assault and battery claim because § 2-9-305(5) immunizes her from suit.

- Gregory's claim for assault and battery remains against Montana.

- Montana is required to indemnify Officer Williams for any judgment for damages that Officer Williams acted maliciously or oppressively.
- Gregory's claim for punitive damages remains on the verdict form.
- Montana is entitled to summary judgment on Gregory's claim of negligence against Montana.

DATED this 26th day of January, 2026.

_____
Brian Morris, Chief District Judge
United States District Court